IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AARON JOHNSON,
      Plaintiff,

vs.                                    Case No:  3:05cv87/MCR/EMT

FRANSIS JONES,
JUDY COOK,
LEWIS WILLIAMS,
      Defendants.

## ORDER, REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's amended complaint filed under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (Doc. 5).  Additionally, Plaintiff filed a motion to proceed in forma pauperis (Doc. 6), which shall be denied as the filing fee has been paid (*see* Doc. 7).  Service upon Defendants has not been ordered or effected.  Upon review of the complaint, the court concludes that Plaintiff has failed to establish a jurisdictional basis for this action, therefore, dismissal is warranted.

       Plaintiff, a resident of Pensacola, Florida, names three other residents of Pensacola as Defendants (*see* Doc. 5 at 2).  Plaintiff alleges Defendants used and stole his personal property (*id*. at 3).  As relief, he seeks return of the property or compensatory damages (*id*. at 4).  Alternatively, he wishes to initiate criminal proceedings against Defendants (*id*.).

       A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed.Appx. 511, 2004 WL 729173, at \*\*1 (7th Cir. 2004).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.  Lovern, 190 F.3d at 654 (citations omitted).  Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure.  *Id.* (citations omitted).  A district court may address

its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* (citing Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 63-64 (4th Cir. 1988)).

In the instant case, Plaintiff is suing Defendants for civil theft and replevin, causes of action arising under state law. Furthermore, the parties are not diverse. Moreover, the facts do not suggest Defendants were acting under color or state or federal law. Therefore, this action should be dismissed for lack of subject matter jurisdiction.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 6) is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of May, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:05cv87/MCR/EMT